UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

LEO J. HOLSTINE and PAULA T. HOLSTINE,

Debtors.

Case No. 11-14573

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER AFFIRMING THE
DECISION OF THE BANKRUPTCY COURT**

The matter before the Court is an appeal of a bankruptcy court decision. The Trustee argues that the bankruptcy court erred when it decided that the Debtors' interest in bank deposits associated with the pre-petition redemption of worker's compensation benefits is exempt under 11 U.S.C. § 522(d)(11)(E). The Court finds no error and affirms.

**BACKGROUND**

On May 5, 2005, Leo Holstine was injured during the course of his employment with Mandamus Group/Class Design, Inc. He sought worker's compensation benefits under Michigan's Workers Disability Compensation Act, Mich. Comp. Laws § 418.101-418.171. He agreed to settle his claim for $180,000.00. On March 17, 2011, the Board of Magistrates for the Worker's Compensation Agency entered a redemption order, in which it authorized Holstine to receive the award as a lump sum, rather than in installment payments. After the deduction of statutory fees, attorney fees, and a $20,000 medical set aside[1], Holstine received a net award of $138,601.46. The award was deposited into a joint TCF National

---

[1] The medical set aside account is required for coordination of Medicare benefits under 42 U.S.C. § 1395y(b)(2). The parties agree that the account is exempt.

Bank checking account held by Holstine and his wife Paula Holstine (together, "the Debtors").

In their Chapter 7 Bankruptcy petition, the Debtors claimed the funds fully exempt under 11 U.S.C. § 522(d)(11)(E). The Trustee objected and a hearing was held. The Bankruptcy Court overruled the Trustee's objection and allowed the § 522(d)(11)(E) exemption. This appeal followed.

## LEGAL STANDARD

This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). Because this appeal raises a pure question of law, the Court must review the bankruptcy court's conclusion de novo. *Vause v. Capitol Poly Bag, Inc.*, 886 F.2d 794 (6th Cir. 1989).

## DISCUSSION

The issue on appeal is whether the Debtors can properly claim Holstine's pre-petition lump-sum award of worker's compensation benefits as exempt under § 522(d)(11)(E). The Trustee argues that worker's compensation awards are properly exempted only under 11 U.S.C. § 522(d)(10)(C), that § 522(d)(11)(E) applies to tort awards not worker's compensation benefits, and that the two provisions are mutually exclusive. The Debtors, relying on a recent bankruptcy court decision in the Sixth Circuit, assert that the two provisions are not mutually exclusive, and that worker's compensation benefits may be exempted under § 522(d)(11)(E) when the exemption under § 522(d)(10)(C) is not available. The question before the Court is thus one of statutory interpretation. There is no controlling case law on point.

A court interpreting a statute must consider "the statute's plain language and . . . enforce the statute 'according to its terms.'" *In re Lewis*, 406 B.R. 518, 521 (E.D. Mich. 2009) *aff'd*, 387 F. App'x 530 (6th Cir. 2010) (quoting *U.S. v. Ron Pair Enters, Inc.*, 489

2

U.S. 235, 241 (1989)). The court need only look beyond the language of the statute if the text is ambiguous or if, although the statute is facially clear, a literal interpretation would lead to internal inconsistencies, an absurd result, or an interpretation inconsistent with the intent of Congress. *Vergos v. Gregg's Enters., Inc.*, 159 F.3d 989, 990 (6th Cir. 1998).

The Court finds the provisions at issue unambiguous. Section 522(d) of the Bankruptcy Act lists the primary federal exemptions available to a debtor. It contains twelve numbered subsections, listing different types of property. Under § 522(d)(11)(E), a debtor may exempt from recovery

> (11) The debtor's right to receive, or property that is traceable to-- . . . (E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

11 U.S.C. § 522(d)(11)(E). Under § 522(d)(10)(C), a debtor may exempt from recovery "(10) The debtor's right to receive-- . . . (C) a disability, illness or unemployment benefit." 11 U.S.C. § 522(d)(11)(C).

Holstine's award falls within the text of both § 522 (d)(10)(C) and § 522(d)(11)(E). It can be readily characterized as either "property that is traceable to . . . payment in compensation of loss of [Holstine's] future earnings" or as "a disability, illness or unemployment benefit."

In practice, courts generally exempt worker's compensation benefits under § 522(d)(10)(C). *See, e.g.*, *In re Chavis*, 207 B.R. 845 (Bankr. W.D. Pa. 1997) ("Subsection (d)(10)(C) . . . has been construed to apply to worker's compensation benefits); *accord In re Williams*, 181 B.R. 298, 301-02 (Bankr. W.D. Mich. 1995); *In re Cain*, 91 B.R. 182 (Bankr. N.D. Ga. 1988); *In re Evans*, 29 B.R. 336 (Bankr. D.N.J. 1983); *In re LaBelle*, 18 B.R.169 (Bankr. D. Me. 1982). Indeed, when the clauses are assessed in their context

3

within the statute, worker's compensation benefits, which are usually paid as an income stream, fit more naturally within section § 522(d)(10) than § 522(d)(11). Section 522(d)(10) lists "wage-like benefits" that are generally paid in a manner that substitutes for or supplements regular compensation. *In re Sanchez*, 362 B.R. 342, 359 (Bankr. W.D. Mich. 2007). For example, § 522(d)(10)(A) permits exemption of "a social security benefit, unemployment compensation, or a local public assistance benefit"; § 522(d)(10)(B) permits exemption of veterans benefits, and; § 522(d)(10)(D) permits exemption of "alimony, child support, or separate maintenance." *See* 11 U.S.C. § 522(d)(10). Section 522(d)(11), in contrast, lists types of compensation that are generally paid in lump sums, often as compensation for a loss. In particular, § 522(d)(11)(A) permits exemption of "an award under a crime victim's reparation law"; § 522(d)(11)(B) permits exemption of "a payment on account of wrongful death; § 522(d)(11)(C) permits "a payment under a life insurance contract"; and § 522(d)(11)(D) permits exemption of "a payment, not to exceed $21,625, on account of personal bodily injury . . . ." *See* 11 U.S.C. § 522(d)(11).

But nothing in this distinction, or otherwise in the statute's text, precludes exempting worker's compensation benefits under § 522(d)(11)(E) when the debtor receives the worker's compensation payments, not as an income stream, but as a lump sum. *See Sanchez*, 362 B.R. 342; *In re Lambert*, 9 B.R. 799, 800 (Bankr. W.D. Mich. 1981) ("Keeping in mind that exemption laws are to be liberally construed in favor of the debtor, I . . . find that the worker's benefit granted debtor [is] covered by both [(d)(11)(E) and (d)(10)(C)]."). In *Sanchez*, like here, the debtor received a lump-sum payment shortly before filing her petition for bankruptcy and set the bulk of the funds aside in a bank account. *Id.* at 346. She then claimed the funds as exempt under § 522(d)(11)(E). The Trustee objected, like the Trustee here, that worker's compensation benefits may only be exempted under §

4

522(d)(10)(C), not § 522(d)(11)(E), and that the two provisions are mutually exclusive. *Id.* The *Sanchez* court reviewed the text, legislative history, and precedent pertaining to § 522(d)(10) and § 522 (d)(11), and concluded that "[b]enefits awarded as compensation for lost future earnings can qualify for the broader exemption permitted under Section 522(d)(10)(C) without being precluded from the less generous exemption allowed under Section 522(d)(11)(E) when the (d)(10) exemption is unavailable. Indeed, exemptions are to be liberally construed in favor of the debtor." *Id.* at 358. The Court agrees.

Nor is it problematic that this reading of the statute permits the two subsections to perform overlapping work. Nothing in the text of § 522 suggests that exemptions must be mutually exclusive. In fact, other subsections are regularly treated as non-exclusive. For example, "the majority of courts . . . have held that the $750 'tools of the trade' exemption [in section (d)(6)] and the $7900 general exemption [in section (d)(1)] are not mutually exclusive and that debtors may apply the unused portion of their (d)(1) exemption to augment the $750 allowed for 'tools of the trade' under § 522(d)(6)." *In re Miller*, 30 B.R. 819, 822 (M.D. Tenn. 1983). Within 522(d)(11), courts permit debtors to exempt a single personal injury award under multiple subsections. *See In re Chavis*, 207 B.R. 845, 847 (Bankr. W.D. Pa. 1997) ("Debtor is not required to choose one exemption under which to claim all aspects of a single personal injury award."); *see also In re Bova*, 205 B.R. 467, 477 (Bankr. E.D. Pa. 1997) ("Most courts . . . have assumed, we think correctly, that both sections of § 522(d)(11) can be invoked to exempt different portions of a recovery from a single [personal injury award]" (collecting cases)).

Moreover, to find the two provisions mutually exclusive would lead to an absurd result because it would prevent a debtor from claiming as exempt a benefit that it is otherwise uncontroversial is exemptible, solely because the debtor exercised his or her right to

5

receive the funds in a lump sum payment. It seems unlikely that Congress would have intended to draw such a distinction. The Court will not read it into the statute.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that the decision of the Bankruptcy Court is **AFFIRMED**.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 15, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 15, 2012, by electronic and/or ordinary mail.

Carol Cohron
Case Manager